# Court of Appeals
# of the State of Georgia

ATLANTA,  February 19, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1158. GLENN BRUTON v. THE STATE.

Glenn Bruton was convicted of aggravated child molestation, aggravated sexual battery, and child molestation, and this Court affirmed his convictions on direct appeal in an unpublished opinion. See Case No. A15A0104 (June 26, 2015). In July 2023, proceeding pro se, Bruton filed an extraordinary motion for new trial raising claims of ineffective assistance. On May 24, 2024, the trial court dismissed Bruton's motion. He filed this appeal on July 3, 2024.

Even if Bruton is entitled to appeal directly from the trial court's order dismissing his extraordinary motion for new trial,[1] we lack jurisdiction because this appeal is untimely. A notice of appeal must be filed within 30 days of entry of the order being appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court. *Ebeling v. State*, 355 Ga. App. 469, 469 (844 SE2d 518) (2020). Because Bruton filed

---

[1] Under OCGA 5-6-35 (a) (7), the discretionary appeal procedures apply to "[a]ppeals . . . from the denial of an extraordinary motion for new trial[.]" But see *Davis v. State*, 182 Ga. App. 736, 736 (356 SE2d 762) (1987) (dismissing defendant's appeal from trial court's order dismissing his extraordinary motion for new trial for failure to file a discretionary application).

his notice of appeal 40 days after entry of the trial court's order, his appeal is untimely, and it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,___02/19/2025_____*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*